1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY BELL,

11              Plaintiff,

12        vs.                                        No. CIV. S-10-2529 GGH

13   MICHAEL J. ASTRUE,

14              Defendant.                   <u>ORDER</u>

15   _____/

16              Defendant seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of

17   subject matter jurisdiction based on plaintiff's having brought a claim for relief under a class action

18   settlement in the Northern District of California.  The Commissioner also seeks dismissal of the

19   complaint based on mootness and lack of exhaustion.  Plaintiff, proceeding in pro se, has filed an

20   opposition.  The matter was set for hearing on October 6, 2011; however, plaintiff did not appear as

21   the record reflects that he had his notice of the hearing returned as undeliverable.  Geralyn Gulseth

22   appeared telephonically for defendant.   The parties have consented to the jurisdiction of the

23   undersigned pursuant to 28 U.S.C. § 636(c).

24              Having reviewed the papers in support of and in opposition to the motion, the court now

25   issues the following order.

26   \\\\

1

BACKGROUND

On September 17, 2010, plaintiff initiated this action by filing a "writ of mandate."[1] Plaintiff, an SSI recipient, alleges that his situation is similar to a class action settlement in the Northern District of California, <u>Martinez v. Astrue</u>, Civ.S. 08-4735 CW, which was settled on September 24, 2009. (Def.'s Mot., Ex. 3.) That case addressed a "fugitive felon" policy of "denying or suspending benefits to persons on the basis of an outstanding felony arrest warrant..." (<u>Id.</u>, Ex. 1.) The complaint is very confusing but appears to allege that plaintiff is a former felon who had a warrant issued against him by the State of Michigan in 1987, which was not dismissed until July 1, 2005, some 18 years later. (Compl. ¶ 7.) Plaintiff alleges that the SSA discontinued his benefits in May, 2005 based on the warrant. (Pl.'s Opp. at 2.) Plaintiff claims that despite the dismissal of the warrant, he was assessed an overpayment from 2003 through 2005, in the amount of $20,021.34. (<u>Id.</u> at 3.) In addition to collecting on the overpayment which to date amounts to $5,460, plaintiff claims that the SSA took his entire monthly allotment from May, 2005 through December, 2005, which totals approximately $5,000 to $6,000.

The Commissioner submits the following grounds for dismissal: that any claim relating to the <u>Martinez</u> settlement must be adjudicated in the Northern District as the proper forum; that the relief plaintiff seeks has been provided pursuant to the <u>Martinez</u> settlement and therefore these claims are moot; and to the extent any claims are made outside of the <u>Martinez</u> settlement, plaintiff has not exhausted his administrative remedies. Defendant filed a supplemental statement which modifies its position, as will be addressed *infra*.

DISCUSSION

I. LEGAL STANDARD FOR MOTION TO DISMISS

On a Rule12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. <u>See, e.g.</u>, <u>Sopcak v. Northern Mountain Helicopter Serv.</u>,

---

[1]  Plaintiff's filing of September 9, 2010, also entitled "writ of mandate," is essentially a copy of the original filing, less attachments.

52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made.  See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992).  Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction.  For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states.  For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute.  Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true.  Thornhill, 594 F.2d at 733.  In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint.  "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted).  The court may hear evidence such as declarations or testimony to resolve factual disputes.  Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[2]

[2]  If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved.  See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

3

1  "[W]hen considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not

2  restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony,

3  to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. U.S., 850 F.2d 558,

4  560 (9th Cir. 1988).  The burden of proof on a Rule 12(b)(1) motion is on the party asserting

5  jurisdiction.  Thomson v. Gaskill, 315 U.S. 442, 445, 62 S.Ct. 673, 675 (1942); Thornhill Publishing

6  Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, plaintiff has the

7  burden of proof in connection with the instant motion.

8      II.  ANALYSIS

9          A.  Martinez Settlement

10         Plaintiff in part claims that the SSA discontinued payment of benefits to him in May, 2005

11  based on a warrant posted in 1987, that was not dismissed until July, 2005, and kept his monthly

12  benefits from May, 2005 through December, 2005.

13         The Martinez Settlement Agreement defines "Pre-2007 Class members" as all Class

14  Members for whom SSA made an initial suspension or initial denial based on an outstanding felony

15  arrest warrant ... on or after January 1, 2000, but before January 1, 2007, and who did not obtain an

16  administrative appeal denial on or after January 1, 2007; or who did not have a pending administrative

17  claim on August 11, 2008 appealing such a suspension or denial."  (Def.'s Mot., Ex.1, Stipulation of

18  Settlement, at 4.)

19         According to SSA records, plaintiff was entitled to relief as a pre-2007 class member, and

20  would have been sent a notice regarding relief under the Martinez Settlement in September, 2010.

21  (Def.'s Mot., Baker Decl., ¶ 5.)  In April, 2011, the SSA states that it removed the remainder of an

22  outstanding overpayment in the amount of $20,021.34 from plaintiff's record.  (Id., ¶ 6.)  Just prior to

23  the hearing, however, the SSA submitted a statement indicating that upon further research, it has

24  determined that plaintiff was in fact not a Martinez class member but is eligible for mandatory good

25  cause relief under the SSA's policy which entitles him to additional relief in the form of an

26  underpayment in the amount of $4,439.66.  (Baker Decl., ¶¶ 8,9, Def.'s Stmt., filed October 5, 2011.)

4

1        According to the SSA, plaintiff is entitled to greater relief than permitted by the <u>Martinez</u>

2  Settlement because he has established by his evidence attached to the complaint that the State of

3  Michigan dismissed the charges underlying the warrant against him which had been used to suspend

4  his SSI payments from May, 2003 to May, 2005.  <u>See</u> 42 U.S.C. § 1382(e)(4)(B) & (C).  At the

5  hearing, the SSA represented that it was preparing to return the aforementioned sum to him.

6        Based on this information, and the fact that plaintiff failed to appear at the hearing to

7  counter it, plaintiff is not subject to the <u>Martinez</u> Settlement and therefore defendant's argument that he

8  has raised this issue in the wrong forum or that it is moot based on the <u>Martinez</u> Settlement, is

9  considered withdrawn.  To the extent that plaintiff is owed money which the SSA indicates it will

10  refund him, a claim based on the SSA's failure to return the money is not yet ripe as the SSA needs

11  time to correct its records and issue a refund.

12        B.  <u>Exhaustion of Claims Outside of Mandatory Good Cause Relief</u>

13        Defendant's other ground for dismissal is that plaintiff has not exhausted the remainder of

14  his claims.  Defendant construes the difficult to discern complaint to allege "that [plaintiff] was never

15  subject to the fugitive felon policies that lead to the overpayment assessment."  As it has now been

16  determined that plaintiff was not subject to the Martinez Settlement, but was subject to the mandatory

17  good cause policy based on dismissal of the charges against him in Michigan, such a claim is moot.

18        Nevertheless, the claim that the SSA is continuing to deduct 10% from plaintiff's monthly

19  benefits may or may not be a separate claim.  If it is a separate claim, it is not exhausted.  The

20  Commissioner is correct in that the Social Security Act provides only for judicial review of final

21  decisions of the Commissioner of Social Security.  42. U.S.C. § 405(g).  Section 405(g) requires a final

22  judgment from the Secretary before seeking judicial review.  The Commissioner has promulgated

23  regulations that define a "final decision."  Under these regulations, a claimant must follow a set

24  procedure: (1) an initial  decision in the state agency; (2) a request for reconsideration thereof;  and (3)

25  a request for a hearing before an Administrative Law Judge ("ALJ") for the Social Security

26  Administration.  20 C.F.R. §§ 404.933, 416.1433.  Regardless of whether the ALJ grants the hearing,

the claimant must take a fourth step and appeal the ALJ's decision to the Appeals Council.  A "final decision" of the Secretary results only if the Appeals Council grants the review and renders a decision in the case, or if the claimant makes a timely demand for review that is denied.  20 C.F.R. §§ 404.981, 416.1481; Heckler v. Day, 467 U.S. 104, 106-7 (1984).

Therefore, to the extent plaintiff has a claim separate from the fugitive felon overpayment (now underpayment), it is not exhausted and must be dismissed.

CONCLUSION

Accordingly, IT IS ORDERED that: Defendant's motion to dismiss, filed May 31, 2011, (dkt. no. 14), will be granted.  However, the case will not be ordered dismissed until the Commissioner files proof in this court that he has sent the promised underpayment to plaintiff.  The Commissioner shall file such proof within 90 days of the filed date of this order.

Dated: October 20, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Bell2529.mtd.wpd

6